RECORD NO.

# 15-86

In The

# United States Court of Appeals

For The Second Circuit

## JETBLUE AIRWAYS CORPORATION,

*Plaintiff – Appellant*,

**v.**

## COPYTELE INC., JOHN ROOP, CTI PATENT ACQUISITION CORPORATION, LOYALTY CONVERSION SYSTEMS CORPORATION,

*Defendants – Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (NEW YORK CITY)

_____

## BRIEF OF APPELLANT

_____

Casey L. Griffith
GRIFFITH BATES CHAMPION & HARPER LLP
5910 North Central Expressway, Suite 1050
Dallas, Texas 75206
(214) 238-8400

*Counsel for Appellant*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1, Plaintiff-Appellant is a nongovernmental corporate party.  Deutsche Lufthansa AG is publicly held and owns 10% or more of Plaintiff-Appellant's stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ....................................................... i

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES .................................................................... iv

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES PRESENTED....................................................3

STATEMENT OF THE CASE....................................................................4

SUMMARY OF THE ARGUMENT ...................................................................8

ARGUMENT ..................................................................................10

    I.    THE DISTRICT COURT ERRED IN DISMISSING JETBLUE'S FIRST AMENDED COMPLAINT AGAINST ROOP FOR LACK OF SUBJECT MATTER JURISDICTION WITH PREJUDICE ..........................................................10

        A.    The standard of review is *de novo* ............................................10

        B.    A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice ....................................................10

    II.    THE DISTRICT COURT ERRED IN ENTERING AN ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE .......12

        A.    The standard of review is abuse of discretion...........................12

        B.    JetBlue voluntarily dismissed its suit against the Entity Defendants without prejudice under Rule 41(a)(1)(A)(i) .........12

C.    Assuming, *arguendo*, the Court finds the district court dismissed JetBlue's suit against the Entity Defendants under Rule 41(a)(2), the district court still erred in dismissing the case with prejudice............................................14

CONCLUSION ......................................................................................16

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Andes v. Versant Corp.*,
788 F.2d 1033 (4th Cir. 1986) ................................................................. 9, 15

*B.L. Brereton v. Bountiful City Corp.*,
434 F.3d 1213 (10th Cir. 2006) ............................................................ 10, 11

*City of Rome*, *NY v. Verizon Commc'ns Inc.*,
362 F.3d 168 (2d Cir. 2004) .........................................................................14

*D'Agnillo v. U.S. Dept. of Housing*,
No. 89 CIV 5609 CSH,
2001 WL 1622212 (S.D.N.Y. Dec. 18, 2001) ......................................... 9, 15

*D'Alto v. Dahon California*, *Inc.*,
100 F.3d 281 (2d Cir. 1996) .........................................................................12

*Dugan v. Lingle*,
No. 07-00236-DAE-KSC,
2007 WL 1795554 (D. Haw. June 19, 2007) ...............................................12

*Frederiksen v. City of Lockport*,
384 F.3d 437 (7th Cir. 2004) ................................................................... 8, 11

*Goudlock v. Thompson*,
No. 08-cv-00204,
2011 WL 1167545 (S.D. Cal. Jan. 28, 2011) ...............................................12

*Gravatt v. Columbia Univ.*,
845 F.2d 54 (2d Cir. 1988) ...................................................................... 9, 15

*Green Aviation Mgmt. Co. v. Fed. Aviation Admin.*,
676 F.3d 200 (D.C. Cir. 2012).....................................................................13

*Hernandez v. Conriv Realty Assocs.*,
  182 F.3d 121 (2d Cir. 1999) ..................................................................... 8, 11

*Interstate Petroleum Corp. v. Morgan*,
  249 F.3d 215 (4th Cir. 2001) .......................................................................11

*Kasap v. Folger Nolan Fleming & Douglas, Inc.*,
  166 F.3d 1243 (D.C. Cir. 1999)....................................................................11

*Kennedy v. Full Tilt Poker*,
  No. CV 09-07964 MMM (AGRx),
  2010 WL 3984749 (C.D. Cal. Oct. 12, 2010) ..............................................12

*Marlow v. Winston & Strawn*,
  19 F.3d 300 (7th Cir. 1994) ...................................................................... 9, 15

*Michigan Surgery Inv., LLC v. Arman*,
  627 F.3d 572 (6th Cir. 2010) ............................................................... 9, 12, 15

*Murray v. Conseco, Inc.*,
  467 F.3d 602 (7th Cir. 2006) .................................................................... 8, 11

*S. Walk at Broadlands Homeowner's Assoc. v. Openband at Broadlands, LLC*,
  713 F.3d 175 (4th Cir. 2013) .......................................................................10

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
  531 U.S. 497 (2001).....................................................................................11

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998).......................................................................................11

*United States v. Leon*,
  203 F.3d 162 (2d Cir. 2000) ........................................................................14

*Williams v. Ezell*,
  531 F.2d 1261 (5th Cir. 1976) .....................................................................12

*Youssef v. Tishman Const. Corp.*,
  744 F.3d 821 (2d Cir. 2014) ........................................................................13

## CONSTITUTIONAL PROVISION

U.S. Const. amend., art. III ...................................................................11

## STATUTES

28 U.S.C. § 1291 ..................................................................................2

28 U.S.C. § 1332 ......................................................................... 1, 5, 9

28 U.S.C. § 1338 ..................................................................................1

28 U.S.C. § 1367 ..................................................................................1

28 U.S.C. § 1927 ..................................................................................6

35 U.S.C. § 285 ....................................................................................6

## RULES

Fed. R. Civ. P. 11 .................................................................................6

Fed. R. Civ. P. 12(b)(1) ........................................................................4

Fed. R. Civ. P. 41(a)(1)(A) ..................................................................12

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................ *passim*

Fed. R. Civ. P. 41(a)(1)(A)(ii) .............................................................12

Fed. R. Civ. P. 41(a)(2) ............................................................. 9, 14, 15

# JURISDICTIONAL STATEMENT

In its Original Complaint, Plaintiff-Appellant JetBlue Airways Corporation ("JetBlue") alleged the district court had subject matter over this dispute pursuant to 28 U.S.C. §§ 1338(a) and 1367.[1]  After filing its Original Complaint, JetBlue voluntarily dismissed Defendants-Appellees CopyTele Inc., CTI Patent Acquisition Corporation, and Loyalty Conversion Systems Corporation (collectively, the "Entity Defendants") under Rule 41(a)(1)(A)(i).[2]  With John Roop as the only remaining Defendant, JetBlue alleged the district court had subject matter jurisdiction under 28 U.S.C. § 1332, on the basis JetBlue is a Delaware corporation with its principal place of business located in New York, Roop is an individual residing in California, and the amount in controversy exceeded $75,000.[3]

On December 10, 2015, the district court entered an order ("Order") dismissing the Original Complaint as to the Entity Defendants, and granting Roop's Motion to Dismiss the First Amended Complaint for lack of subject matter jurisdiction.[4]  The Order dismissed the case with prejudice.[5]

---

[1] A-13.

[2] *See* A-194 (removing the Entity Defendants from the case caption and eliminating all claims against them).

[3] A-195.

[4] A-262.

[5] A-262.

JetBlue timely filed a notice of appeal on January 8, 2015.[6]  Under 28 U.S.C. § 1291, this Court has jurisdiction over this appeal from the district court's Order dismissing the case with prejudice.[7]

---

[6] A-263.
[7] 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES PRESENTED

1.     Whether the district court erred in dismissing JetBlue's action against CopyTele Inc., CTI Patent Acquisition Corporation, and Loyalty Conversion Systems Corporation *with prejudice* and without notice where JetBlue voluntarily dismissed the action under Rule 41(a)(1)(A)(i).

2.     Whether the district court erred in dismissing JetBlue's action against John Roop *with prejudice* for lack of subject matter jurisdiction.

## STATEMENT OF THE CASE

JetBlue filed its Original Complaint in the Southern District of New York, New York Division, Judge George B. Daniels presiding, against Defendants-Appellees for breach of contract, fraud, promissory estoppel, and declaratory relief.[8]  Months later, a concurrent lawsuit filed by Defendant-Appellee Loyalty Conversion Systems Corporation ("LCS") against JetBlue and others for patent infringement in the Eastern District of Texas ("Texas Lawsuit") was dismissed with prejudice because the patents asserted against JetBlue were ruled invalid.[9]  A few days later, Defendants-Appellees filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction ("Second Motion to Dismiss") arguing JetBlue's claims do not arise under patent law.[10]  JetBlue then promptly filed its First Amended Complaint.[11]

The First Amended Complaint removed Defendants-Appellees CopyTele Inc., CTI Patent Acquisition Corporation, and LCS (the "Entity Defendants") from

---

[8]  A-11.

[9]  A-160-61.

[10]  A-138. In response to JetBlue's Original Complaint, Defendants-Appellees filed what they titled a motion to dismiss or stay ("First Motion to Dismiss"), asking the district court to, among other things, dismiss the Original Complaint under the first-filed rule or alternatively stay the case.  A-43.  The district court heard oral argument on Defendants' First Motion to Dismiss in June 2015, but never ruled on it.

[11]  A-194.

the caption of the case and eliminated all claims against them.[12]  It asserted claims against only Roop and alleged jurisdiction under 28 U.S.C. § 1332.[13]  Defendants-Appellees then filed a motion to dismiss the First Amended Complaint ("Third Motion to Dismiss") for lack of subject matter jurisdiction arguing, among other things, the First Amended Complaint failed to satisfy the amount-in-controversy requirement for diversity jurisdiction.[14]

On December 9, 2014 the district court held a status conference at which Judge Daniels provided an oral order that was later incorporated into the district court's December 10, 2014 Order dismissing the case with prejudice.[15]  At the beginning of the conference, the district court—noting the Entity Defendants' removal from the First Amended Complaint—dismissed the action as to them "based on [JetBlue's] indication and voluntary dismissal" of its claims against the Entity Defendants.[16]  Yet, despite JetBlue's voluntary dismissal under Rule 41, and without providing JetBlue notice or an opportunity to withdraw its dismissal request, the district court dismissed JetBlue's claims against the Entity Defendants *with prejudice* "for the reasons [the district court] indicated."[17]  Although unclear, it appears the "reason[] indicated" by the district court was its belief that in the

---

[12] A-194.

[13] A-195.

[14] A-221.

[15] A-248-62.

[16] A-250.

[17] A-252.

Joint Motion to Dismiss with Prejudice filed by the parties in the Texas Lawsuit

("Joint Motion"), JetBlue agreed not to seek fees in the district court.[18] The Joint

Motion, however, states "JetBlue agrees not to seek fees *in this Court*"—*i.e.*, in the

Texas Lawsuit.[19] The Order granting the Joint Motion likewise states "[t]he parties

have agreed that JetBlue will not seek fees *in this Court*."[20] Moreover, the

"reason[] indicated" by the district court was never raised by Defendants as a basis

for dismissing any claims with prejudice.

After dismissing the Entity Defendants, the district court "consider[ed] the

original complaint dismissed" as to Roop.[21] The district court then turned to

"whether or not the first amended complaint [was] an appropriate complaint to be

brought against Mr. Roop."[22] The district court determined "with regard to the

subject matter jurisdiction question" there is "absolutely no subject matter

---

[18] *See* A-250-51 ("I think also a significant factor in my decision is the fact that all parties jointly requested in Texas that the court dismiss the case in Texas, dismiss all the claims and counterclaims, and do so without seeking any fees and agreeing not to seek fees in that litigation or, as I think is appropriate to quote from the application, the joint motion to dismiss with prejudice all the parties in that case was that JetBlue agrees not to seek fees in this court . . . ."). *See* A-254 ("Quite frankly, there is even a more basic reason why there is no claim against Mr. Roop, because by the nature of the settlement agreement in Texas, JetBlue agreed that they wouldn't seek any recovery of attorney's fees with regard to the litigation in that case.").

[19] *See* A-157 ("JetBlue agrees not to seek fees *in this Court* pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, or 28 U.S.C. § 1927, or any other applicable statute under which fees may be sought.") (emphasis added).

[20] A-161.

[21] A-252.

[22] A-252.

jurisdiction over" the claims against Roop because "there is absolutely no reasonable basis for [the district court] to conclude that [JetBlue] suffered damages as a result of Mr. Roop's action in an amount over $75,000."[23] Specifically, the district court found attorneys' fees cannot serve as a basis for damages unless provided for by contract or statute, and neither the JetBlue Terms nor any applicable statute provided for fees.[24] The district court also found the Joint Motion precluded JetBlue's claims because "JetBlue agreed that they wouldn't seek any recovery of attorney's fees with regard to the litigation in that case."[25] Again, the Joint Motion states "JetBlue agrees not to seek fees *in this Court*."[26]

After finding subject matter jurisdiction lacking over JetBlue's claims against Roop, the district court provided opinion on the merits of JetBlue's claims against him.[27] The district court then dismissed the First Amended Complaint against Roop with prejudice for lack of subject matter jurisdiction.[28] The following day, on December 10, 2014 "for the reasons articulated at the December 9, 2014 conference" the district court entered an Order that dismissed the Original

---

[23] A-252-53.

[24] A-254. JetBlue contends attorneys' fees may be recovered as damages, but that issue is not the subject of this appeal.

[25] A-254.

[26] A-157 (emphasis added). And the Order states "[t]he parties have agreed that JetBlue will not seek fees *in this Court*." A-161 (emphasis added).

[27] A-256-61. JetBlue disagrees with the district court's opinions, but they are not the subject of this appeal.

[28] A-261.

Complaint as to the Entity Defendants and granted Roop's Motion to Dismiss the First Amended Complaint.[29]  The Order dismissed the case with prejudice.[30]

By this appeal, JetBlue requests the Court modify the district court's December 10, 2014 Order to state the dismissal of JetBlue's claims against Roop and the Entity Defendants is without prejudice.[31]

## SUMMARY OF THE ARGUMENT

The district court found JetBlue's First Amended Complaint did not meet the amount-in-controversy requirement and thus it lacked subject matter jurisdiction over JetBlue's claims against Roop.  It then dismissed the First Amended Complaint for lack of subject matter jurisdiction.  The dismissal, however, was with prejudice and a dismissal for lack of subject matter jurisdiction must be without prejudice.[32]  Therefore, the district court erred.

JetBlue voluntarily dismissed its suit against the Entity Defendants under Rule 41(a)(1)(A)(i).  It did so by filing its First Amended Complaint, which removed the Entity Defendants as parties to the suit prior to the filing of an answer or motion for summary judgment.  JetBlue also provided notice of its intent to

---

[29] A-262.

[30] A-262.

[31] To be clear, for purposes of this appeal, JetBlue does not contest the district court's finding of a lack of subject matter jurisdiction.

[32] *See*, *e.g.*, *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (courts cannot dismiss suits for lack of subject matter jurisdiction with prejudice); *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) (same); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (same).

8

voluntarily dismiss the Entity Defendants under Rule 41(a)(1)(A)(i) through its briefing.[33]   Dismissals under this Rule are without prejudice unless stated otherwise.[34]  JetBlue did not state it wished to dismiss the Entity Defendants with prejudice.  Thus, it was error for the district court to dismiss JetBlue's suit against the Entity Defendants with prejudice.

Yet even assuming a court order under Rule 41(a)(2) was necessary to dismiss the Entity Defendants, it was error to dismiss them with prejudice.  If a district court intends to dismiss a case with prejudice under Rule 41(a)(2) it must first provide the plaintiff notice of its intent and an opportunity to withdraw its request before entering the order.[35]  The district court failed to do so.  Therefore, assuming, *arguendo*, the application of Rule 41(a)(2) was proper, the district court still abused its discretion.

Moreover, dismissal with prejudice and lack of subject matter jurisdiction are mutually exclusive.  The district court, therefore, could only have dismissed the

---

[33] A-237 ("That same day, JetBlue filed its First Amended Complaint, dismissing CTI, CTIPAC, and LCS under Rule 41(a)(1)(A)(i), and asserting subject matter jurisdiction under 28 U.S.C. § 1332.").

[34] FED. R. CIV. P. 41(a)(1)(A)(i).

[35] *See Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988) ("an opportunity to withdraw a motion for dismissal without prejudice must be afford a plaintiff before the dismissal is converted to one with prejudice"); *D'Agnillo v. U.S. Dept. of Housing*, No. 89 CIV 5609 CSH, 2001 WL 1622212, at *1 (S.D.N.Y. Dec. 18, 2001); *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576 (6th Cir. 2010) (district court must inform the plaintiff it intends to grant a Rule 41(a)(2) motion with prejudice); *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994) (same); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986) (same).

Original Complaint as to the Entity Defendants if it had subject matter jurisdiction over it. Yet, despite the Entity Defendants' contention subject matter jurisdiction was lacking, the district court failed to address the issue. Thus, affirming the district court's dismissal of the Entity Defendants with prejudice necessarily requires a finding that subject matter jurisdiction existed.

JetBlue respectfully requests the Court modify the district court's December 10, 2014 Order to state the dismissal of JetBlue's claims against Roop and the Entity Defendants is without prejudice.

## ARGUMENT

## I. THE DISTRICT COURT ERRED IN DISMISSING JETBLUE'S FIRST AMENDED COMPLAINT AGAINST ROOP FOR LACK OF SUBJECT MATTER JURISDICTION WITH PREJUDICE.

### A. The standard of review is *de novo.*

A district court's dismissal for lack of subject matter jurisdiction is reviewed *de novo.*[36]

### B. A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.

The district court erred in dismissing JetBlue's First Amended Complaint with prejudice. A dismissal for lack of subject matter jurisdiction is not a decision

---

[36] *S. Walk at Broadlands Homeowner's Assoc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 181 (4th Cir. 2013); *B.L. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

on the merits.[37]  Once a court determines it lacks jurisdiction over a claim, it is incapable of reaching a determination of the merits of the underlying claims.[38]  A dismissal for lack of subject matter jurisdiction therefore must be without prejudice.[39]  Indeed, Article III of the United States Constitution deprives federal courts of the power to dismiss a case with prejudice where subject matter jurisdiction does not exist.[40]

Accordingly, after the district court found it lacked subject matter jurisdiction over JetBlue's claims against Roop, it could no longer address the merits of the case.  Its decision to dismiss the case with prejudice was therefore in error.

JetBlue requests the Court modify the district court's December 10, 2014 Order to state the dismissal of JetBlue's case is without prejudice.[41]

---

[37] *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *Murray*, 467 F.3d at 605; *B.L. Brereton*, 434 F.3d at 1217; *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 222 (4th Cir. 2001) (en banc).

[38] *See*, *e.g.*, *B.L. Brereton*, 434 F.3d at 1217.

[39] *See*, *e.g.*, *Frederiksen*, 384 F.3d at 438 (courts cannot dismiss suits for lack of subject matter jurisdiction with prejudice); *Murray*, 467 F.3d at 605 (same); *Hernandez*, 182 F.3d at 123 (same).

[40] *Hernandez*, 182 F.3d at 123.

[41] *See Kasap v. Folger Nolan Fleming & Douglas*, *Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) (modifying the district court's order dismissing the case with prejudice to state the dismissal is without prejudice after finding the district court improperly dismissed the appellant's suit with prejudice for lack of jurisdiction).

## II. THE DISTRICT COURT ERRED IN ENTERING AN ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE.

### A. The standard of review is abuse of discretion.

The decision to enter a voluntary dismissal with prejudice is reviewed for an abuse of discretion.[42]

### B. JetBlue voluntarily dismissed its suit against the Entity Defendants without prejudice under Rule 41(a)(1)(A)(i).

The district court abused its discretion by dismissing the Original Complaint as to the Entity Defendants with prejudice. Under Rule 41(a)(1)(A), a plaintiff "may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."[43] Dismissal under this Rule is without prejudice unless stated otherwise and is effective upon filing.[44] "Rule 41(a)(1)(A)(i) does not require a particular form of notice of dismissal."[45]

---

[42] *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996); *Michigan Surgery*, 627 F.3d at 575.

[43] Fed. R. Civ. P. 41(a)(1)(A).

[44] *Id.*

[45] *Goudlock v. Thompson*, No. 08-cv-00204, 2011 WL 1167545, at *6 (S.D. Cal. Jan. 28, 2011) (citing *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976)); *see Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 WL 3984749, at *2 (C.D. Cal. Oct. 12, 2010) (construing pleading captioned "notice of non-opposition" as voluntary dismissal under Rule 41(a)(1)(A)(i)); *Dugan v. Lingle*, No. 07-00236-DAE-KSC, 2007 WL 1795554, at *8-10 (D. Haw. June 19, 2007) (construing the plaintiff's statement in a letter that if he is not appointed counsel, he "will be forced to request a dissmissal (sic) without prejudice" as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i)).

JetBlue, through its First Amended Complaint, provided notice of voluntary dismissal under Rule 41(a)(1)(A)(i). At the time it was filed, Defendants-Appellees had not served an answer or motion for summary judgment. In fact, Defendants-Appellees never filed an answer or motion for summary judgment. JetBlue's First Amended Complaint removed all claims asserted against the Entity Defendants and styled the case against only Roop, which provided notice of its intent to voluntarily dismiss the Entity Defendants. Moreover, its Response to Defendants' Third Motion to Dismiss specifically stated JetBlue's First Amended Complaint dismissed the Entity Defendants under Rule 41(a)(1)(A)(i).[46] The district court even noted JetBlue's intent to voluntarily dismiss the action against the Entity Defendants and granted dismissal on that basis.[47] Yet the district court granted dismissal with prejudice, which is improper under Rule 41(a)(1)(A)(i).[48] Indeed, absent an indication by the plaintiff, a court must presume a voluntary dismissal under Rule 41(a)(1)(A)(i) is without prejudice.[49]

Accordingly, the district court abused its discretion by dismissing JetBlue's Original Complaint against the Entity Defendants with prejudice.

---

[46] A-237.

[47] *See* A-250 ("I am going to dismiss those defendants from this case based on the plaintiff's indication and voluntary dismissal of those defendants from that case.").

[48] FED. R. CIV. P. 41(a)(1)(A)(i).

[49] *Id.*; *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 825 (2d Cir. 2014); *see Green Aviation Mgmt. Co. v. Fed. Aviation Admin.*, 676 F.3d 200, 204 (D.C. Cir. 2012) (noting "the presumption that when a complaint is dismissed at the request of the plaintiff, it is without prejudice").

**C.    Assuming, *arguendo*, the Court finds the district court dismissed JetBlue's suit against the Entity Defendants under Rule 41(a)(2), the district court still erred in dismissing the case with prejudice.**

If an answer or motion for summary judgment has been served, and the parties do not stipulate to dismissal, Rule 41(a)(2) applies.[50]  Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by court order.[51]  And unless the order states otherwise, the dismissal is without prejudice.[52]

As discussed in Part I, to dismiss a case with prejudice, a court must have subject matter jurisdiction.[53]  The district court—despite Defendants-Appellees filing their Second Motion to Dismiss for lack of subject matter jurisdiction—did not find subject matter jurisdiction existed over the Original Complaint.  In fact, the district court did not rule on the Second Motion to Dismiss and did not discuss subject matter jurisdiction over JetBlue's claims against the Entity Defendants in its Order.  Yet, the district court could only have dismissed the Entity Defendants with prejudice if subject matter jurisdiction existed.  Dismissal with prejudice as to the Entity Defendants therefore could only be proper if the district court had subject matter jurisdiction over the claims against them.[54]

---

[50] FED. R. CIV. P. 41(a)(2).

[51] *Id.*

[52] *See Id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

[53] *See supra* Part I.

[54] *City of Rome*, *NY v. Verizon Commc'ns Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) (quoting *United States v. Leon*, 203 F.3d 162, 164 n.2 (2d Cir. 2000) ("As we have

14

Even assuming subject matter jurisdiction existed and the district court dismissed the case against the Entity Defendants under Rule 41(a)(2), dismissal with prejudice was improper. The Second Circuit has made it clear that before dismissing a case with prejudice under Rule 41(a)(2), the district court must provide the plaintiff notice of its intent to dismiss with prejudice and an opportunity to withdraw the dismissal request.[55] The district court did not provide JetBlue notice of its intent to dismiss the Entity Defendants with prejudice or provide JetBlue an opportunity to withdraw its request (if interpreted as a request under Rule 41(a)(2)).

Accordingly, assuming, *arguendo*, the Court finds subject matter jurisdiction existed over JetBlue's Original Complaint and considers JetBlue's voluntary dismissal to have been made under Rule 41(a)(2), the district court erred by failing to provide JetBlue notice of its intent to dismiss with prejudice and an opportunity to withdraw the request.

---

often observed, 'it is well settled that lack of federal jurisdiction may be raised for the first time on appeal, even by a party who originally asserted that jurisdiction existed, or by the Court *sua sponte*.'")).

[55] *See Gravatt*, 845 F.2d at 56 ("an opportunity to withdraw a motion for dismissal without prejudice must be afford a plaintiff before the dismissal is converted to one with prejudice"); *D'Agnillo*, 2001 WL 1622212, at *1; *Michigan Surgery*, 627 F.3d at 576 (district court must inform the plaintiff it intends to grant a Rule 41(a)(2) motion with prejudice); *Marlow*, 19 F.3d at 304 (same); *Andes*, 788 F.2d at 1037 (same).

15

## CONCLUSION

The district court erred in dismissing JetBlue's First Amended Complaint against Roop for lack of subject matter jurisdiction with prejudice because a dismissal for lack of subject matter jurisdiction must be without prejudice. The district court also erred by dismissing the Original Complaint as to the Entity Defendants with prejudice because JetBlue voluntarily dismissed its suit against them under Rule 41(a)(1)(A)(i), which must be without prejudice unless otherwise specified.

JetBlue therefore requests the Court modify the district court's December 10, 2014 Order to state the dismissal of JetBlue's claims against Roop and the Entity Defendants is without prejudice.

Dated: March 16, 2015          Respectfully submitted,

**GRIFFITH BATES CHAMPION & HARPER LLP**

*/s/ Casey Griffith*
Casey Griffith
Texas Bar No. 24036687
GRIFFITH BATES CHAMPION & HARPER LLP
5910 N. Central Expressway, Suite 1050
Dallas, Texas 75206
214-238-8400 | Main
214-238-8401 | Fax

**COUNSEL FOR APPELLANT**

16

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of March, 2015, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Gregory O. Koerner
> KOERNER LAW FIRM
> 111 John Street, Room 230
> New York, New York  10038
> (212) 461-4377
>
> *Counsel for Appellees*

I further certify that on this 16th of March, 2015, I caused the required number of bound copies of the Brief of Appellant and Joint Appendix to be filed with the Clerk of the Court via UPS Next Day Air.

> */s/ Casey Griffith*
> *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,404*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>March 16, 2015</u>          */s/ Casey Griffith*
                                       *Counsel for Appellant*