15-86-cv
*JetBlue Airways Corp. v. CopyTele Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand fifteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

---

JETBLUE AIRWAYS CORPORATION,

> *Plaintiff-Appellant*,

v.  No. 15-86-cv

COPYTELE INC., JOHN ROOP, CTI PATENT ACQUISITION CORPORATION, LOYALTY CONVERSION SYSTEMS CORPORATION,

> *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | Casey L. Griffith, Griffith Bates Champion & Harper LLP, Dallas, Texas. |
| For Defendants-Appellees: | Gregory Koerner, Koerner & Associates, LLC, New York, New York. |

1

CERTIFIED COPY ISSUED ON 10/21/2015

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **REMANDED** to the district court with instructions to effectuate the dismissal of all defendants without prejudice.

Plaintiff-Appellant JetBlue Airways appeals from the United States District Court for the Southern District of New York's dismissal with prejudice of its claims against Defendants-Appellees CopyTele Inc., CTI Patent Acquisition Corporation, and Loyalty Conversion Systems Corporation ("the corporate defendants"), and against John Roop. The sole issue on appeal is whether the district court erred by dismissing this case with prejudice. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

In its original complaint, JetBlue brought various claims against the corporate defendants and John Roop. JetBlue invoked 28 U.S.C. § 1338(a)[1] as the source for the district court's subject matter jurisdiction. Defendants did not file an answer, opting instead to file a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Two days after defendants filed their motion, JetBlue filed a first amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. That first amended complaint named Roop as the sole defendant and invoked subject matter jurisdiction under 28 U.S.C. § 1332 based on the diversity of the remaining parties. Roop filed a motion to dismiss the first amended complaint for lack of subject matter jurisdiction on the basis that the amount in controversy did not exceed $75,000.

---

[1] 28 U.S.C. § 1338(a) grants United States district courts original jurisdiction of civil actions "arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

The district court granted, with prejudice, Roop's motion to dismiss JetBlue's first amended complaint for lack of subject matter jurisdiction. This Court has previously held "that where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). The district court's dismissal with prejudice was therefore improper because "Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist." *Id.* We must therefore remand to the district court with instructions to revise its order and dismiss the first amended complaint without prejudice.

Our review of the record, including the transcript of the district court's status conference on December 9, 2014, convinces us that JetBlue's voluntary dismissal of the corporate defendants was tantamount to a voluntary dismissal under Rule 41(a)(1) of the Federal Rules of Civil Procedure, which may not be effectuated with prejudice unless such an intent has been demonstrated by the plaintiff. *See Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823–24 (2d Cir. 2014) ("It is undisputed that the plaintiff sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment. In such a case, the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court." (footnote omitted)). Additionally, we construe the first amended complaint in the context of the procedural history as a tacit admission that the court did not have jurisdiction under 28 U.S.C. § 1338(a), and that inclusion of the corporate defendants would destroy the complete diversity required by 28 U.S.C. § 1332. Here, again, where subject matter jurisdiction is lacking, a court may not dismiss a claim or party with prejudice. *See Hernandez*, 182 F.3d at 123. In sum, the district court dismissed the corporate defendants with prejudice in a situation

where it lacked the authority to do so. We therefore remand with instructions to revise the order and effectuate the dismissal of the corporate defendants without prejudice.

Defendants implore us to affirm the dismissals with prejudice so as to prevent JetBlue from refiling what they—and several courts—have deemed a meritless and frivolous suit. This would require us to turn a blind eye to our holding in *Hernandez*, which of course we cannot do. Our decision does not, however, leave defendants without recourse in the event that JetBlue repeatedly pursues claims that are frivolous or retaliatory. They may, for example, press for Rule 11 sanctions—an avenue that the district court expressly left open. J.A. 250 (denying defendants' request for sanctions "without prejudice to renew if there is further litigation or further costs that are incurred in pursuing what, in essence, I have determined to be meritless claims").

Finally, we find defendants' attempt to paint the dismissal with prejudice as a Rule 11 sanction unconvincing, particularly in light of the district court's repeated assertions that it was denying such sanctions.

We have considered the appellants' remaining arguments and determine that they are without merit. For the foregoing reasons this case is REMANDED to the district court with instructions to effectuate the dismissal of all defendants without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4