# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| JETBLUE AIRWAYS CORPORATION, | : <br> : <br> : |
| Plaintiff -Appellant | : <br> : Docket Number: 15-86 |
| v. | : <br> : |
| COPYTELE, INC., JOHN ROOP, CTI PATENT ACQUISITION CORPORATION, LOYALTY CONVERSION SYSTEMS CORPORATION, | : <br> : <br> : <br> : <br> : |
| Defendants -Appellees | : |

### DEFENDANTS-APPELLEES' OBJECTIONS TO
### PLAINTIFF-APPELLANT'S VERIFIED ITEMIZED BILL OF COSTS

GREGORY O. KOERNER
**KOERNER LAW FIRM**
*Attorneys for Defendants-Appellees*
111 John Street, Suite 420
New York, NY 10038
Telephone: (212)461-4377

ANDREW G. DINOVO (admitted *pro hac vice*)
WILLIAM M. PARRISH (admitted *pro hac vice*)
STEFANIE T. SCOTT (admitted *pro hac vice*)
**DINOVO PRICE ELLWANGER & HARDY LLP**
*Attorneys for Defendants-Appellees*
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627

Pursuant to Rule 39(d)(2) of the Federal Rules of Appellate Procedure, Defendants-Appellees Loyalty Conversion Systems Corporation ("Loyalty Conversion"), CopyTele, Inc. ("CopyTele"), CTI Patent Acquisition Corporation ("CTI"), and John Roop ("Roop," collectively with Loyalty Conversion, CopyTele and CTI, "Defendants") hereby submit this memorandum in opposition to the Verified Itemized Bill of Costs filed on November 4, 2015 by Plaintiff-Appellant JetBlue Airways Corporation ("JetBlue" or "Plaintiff").

## I. BACKGROUND

On January 8, 2015, JetBlue appealed from a final judgment entered in the district court, in which the district court dismissed the claims against Defendants with prejudice. On October 21, 2015, this Court issued a Summary Order in which it "remanded [the case] to the district court with instructions to effectuate the dismissal of all defendants without prejudice." Dkt. 57-1, *JetBlue Airways Corp. v. CopyTele Inc.*, No. 15-86-CV, 2015 WL 6161774, at *1 (2d Cir. Oct. 21, 2015) ("Summary Order"). The appeal was not dismissed; the Court did not affirm the judgment in whole; nor did the Court reverse the judgment in whole. *See id.*; *see also* FED. R. APP. P. 39(a)(1)-(3). Therefore, Rule 39(a)(4) applies to the award of costs. FED. R. APP. P. 39(a)(4) ("if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders"). In its Summary Order, the Court did not order costs taxed to any party.

1

Despite the omission of an award of costs, JetBlue filed its Verified Itemized Bill of Costs [Dkt. 61] (the "Bill of Costs") with the Clerk on November 4, 2015. JetBlue's Bill of Costs should be rejected because (1) the Court did not tax costs and (2) taxing costs against Defendants would be neither fair nor equitable.

## II. THE COURT HAS NOT ORDERED THAT JETBLUE IS ENTITLED TO COSTS.

As this Court is aware, FED. R. APP. P. 39 governs taxation of appellate costs. In pertinent part, Rule 39 provides as follows:

(a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:

1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
2) if a judgment is affirmed, costs are taxed against the appellant;
3) if a judgment is reversed, costs are taxed against the appellee;
4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

FED. R. APP. P. 39.

Because this Court neither dismissed the appeal nor affirmed or reversed the judgment in whole—but rather remanded to the district court with instructions to dismiss without prejudice—subsections (a)(1)-(3) are inapplicable. *See id.* Subsection (a)(4) "acknowledges that there are some circumstances in which the disposition on appeal will not lend itself to a ready determination of which party, if any, should bear costs on appeal. Thus, subsection (a)(4) instructs that 'if a

2

judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.'" *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 28-29 (2d Cir. 2010) (emphasis added). This Court has "read subsection (a)(4) as requiring the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed." *Id.* at 29 (emphasis added).

This Court has not ordered costs on this appeal; therefore, JetBlue's Bill of Costs should be denied.

### III. THE COURT SHOULD DENY JETBLUE'S BILL OF COSTS BECAUSE TAXATION OF COSTS AGAINST DEFENDANTS IS NEITHER FAIR NOR EQUITABLE.

To the extent this Court construes JetBlue's Bill of Costs as an appropriate application for costs, such request should be denied.

In situations in which Rule 39(a)(4) applies, this Court has discretion to award costs to no party. *See, e.g., M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 69 (2d Cir.2000) (no costs awarded) (citing FED. R. APP. P. 39(a)(4)); *Baker v. The Home Depot*, 445 F.3d 541, 548 (2d Cir. 2006) (same); *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 147 (2d Cir. 2000) (same); *Salovaara v. Eckert*, 222 F.3d 19, 36 (2d Cir. 2000) (same); *Quill v. Vacco*, 80 F.3d 716, 731 (2d Cir. 1996) (same), *rev'd on other grounds*, 521 U.S. 793 (1997).

Defendants urge the Court to deny JetBlue costs, effectively awarding costs to neither party. Given the history of this case, taxing costs against Defendants

would not be fair or equitable. As discussed in great length in Defendants' Appellate Brief [Dkt. 33] ("Def. App. Br."), JetBlue filed a meritless and frivolous lawsuit in the Southern District of New York—which at no point had jurisdiction over the case—in retaliation to patent litigation filed by Loyalty Conversion against JetBlue in the Eastern District of Texas. *See* Def. App. Br. at 3-7 (explaining in detail how two federal court judges—Judge Daniels and Judge Bryson—found JetBlue's claims to be meritless and/or frivolous) (quoting and citing Judge Daniels' and Judge Bryson's orders at A-171; A-252; A-257-60); *see also* Def. App. Br. at 7-10 (explaining how JetBlue's three theories of jurisdiction were rejected by Judge Daniels and/or Judge Bryson); Def. App. Br. at 1 (citing A-251, in which Judge Daniels agreed that JetBlue's "lawsuit was clearly in reaction to the original [Texas] lawsuit. . . .").

Given JetBlue's meritless and vexatious underlying lawsuit, and the fact this Court has the discretion under Rule 39(a)(4) to deny JetBlue costs, Defendants respectfully request this Court order that JetBlue's application for costs is denied.

### IV.  CONCLUSION

For the reasons set forth above, Defendants oppose the Bill of Costs filed by JetBlue and respectfully request the Court refuse to tax costs against Defendants.

4

| | |
|---|---|
| Dated: November 18, 2015<br>New York, New York | Respectfully submitted,<br><br>/s/ Gregory O. Koerner<br>Gregory O. Koerner<br>**Koerner Law Firm**<br>111 John Street, Suite 420<br>New York, NY 10038<br>Telephone: (212)461-4377<br><br>Andrew G. DiNovo (admitted *pro hac vice*)<br>William M. Parrish (admitted *pro hac vice*)<br>Stefanie T. Scott  (admitted *pro hac vice*)<br>**DiNovo Price Ellwanger & Hardy LLP**<br>7000 N. MoPac Expressway, Suite 350<br>Austin, Texas 78731<br>Telephone: (512) 539-2626<br>Telecopier: (512) 539-2627<br><br>**ATTORNEYS FOR DEFENDANTS-APPELLEES** |